# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

---

CHARLES A. AREY *vs.* SAMUEL P. HALL, and others.

Hancock. Opinion December 8, 1888.

*Shipping. Agency. Promissory Note. Money had and received. Action by Assignee. R. S., Chap. 82, Sec. 130.*

A ship's husband may contract bills against the vessel, but cannot, by virtue of his office, borrow money on the credit of the owners, to pay them.

It is a general rule, applicable to the facts here reported, that a person who receives the benefit of the money or property of another, is not liable to the owner therefor, in the absence of contract between the parties, if there be any ground upon which the money or property, or its benefit, may be rightfully retained by him without accounting to the owner.

A ship's husband, himself an owner, borrowed money of another owner, with which to pay bills on the vessel, without authority of the owners, undertaking to give a note therefor as their agent. *Held*, that the owners are not liable for the money, in an action in the name of the lender, or in the name of any person to whom the claim has been assigned by the lender.

The doctrine of the case of *Otis* v. *Inhabitants of Stockton*, 76 Maine, 506, as qualifying the rule stated in previous cases, is re-affirmed.

ON REPORT. This was an action of assumpsit against all the

owners of the schooner, J. G. Stover. The plaintiff claims as assignee of Amos S. Arey, a part owner, who loaned money to S. P. Hall, a part owner and agent of the vessel, and took Hall's note, signed by him as agent for schooner and owners. The writ contained two counts upon the promissory note. There was also a count for money lent, money expended, and money had and received. The first count upon the note is as follows: "In a plea of the case, for that the said defendants, at said Bucksport, to wit, at said Ellsworth, on the 28th day of May, A. D. 1885, by their promissory note of that date, by them subscribed, promised one Amos S. Arey, to pay him the sum of $700 on demand, with interest; and the said Amos S. Arey, thereafterwards, to wit, on the 14th day of September, A. D. 1887, by an instrument in writing under his hand, assigned, transferred and set over said promissory note, and all claim thereunder to the said plaintiff; which said written assignment is filed with this writ in court; by reason and in consideration whereof, the said defendants became liable, and promised, etc."

Plea, the general issue with a brief statement that "said promissory note declared on in the plaintiff's writ, was the note of S. P. Hall, and not the note of these defendants."

*Wiswell, King and Peters*, for plaintiff.

No express authority to Hall to borrow the money being proved, the authorized payment by him of these lawful debts against the owners, creates or constitutes the cause of action. *Billings* v. *Monmouth*, 72 Maine, 174; *Bank* v. *Stockton*, Ibid, 525. In *Lincoln* v. *Stockton*, 75 Maine, 141, the principle is again reaffirmed and again it is emphasized, that it is the extinguishment of legal claims against the town which is the very basis of the claim.

We are entitled to recover so much of the $700 as was actually used in the extinguishment of these claims.

Hall, being ship's husband, was authorized to make the payments. Abbott on Shipping, page 107. Parsons' Maritime Law; *McCready* v. *Thorn*, 51 N. Y. 454.

Hall could recover if he had advanced the money himself.

*Rennell* v. *Kimball*, 5 Allen, 356, 367. Defendants have ratified the payments by retaining the benefit thereof. *Kenan* v. *Holloway*, 16 Ala. 53.

A part owner who furnishes necessary repairs for a vessel in a foreign port, or who pays for such repairs, can recover from the other owners their proportion of such disbursements. *Benson* v. *Thompson*, 27 Maine, 470; *Hardy* v. *Sproule*, 31 Maine, 71.

No need of going into equity. Case does not involve any question of profit or losses, earnings or expenses, or settlement of ship's accounts.

Assignee may maintain the action in his own name. R. S., c. 82, § 130.

*Charles P. Stetson, O. F. Fellows* with him, for defendants.

PETERS, C. J. The claim here in suit is for money had and received by the defendants of a person who sues in the name of an assignee. It will be convenient to speak of such person as the plaintiff.

He and the numerous defendants were, in 1885, owners, as tenants in common, of a schooner which hailed from Bucksport, where the owners resided. One of the owners, S. P. Hall, was ship's husband. In May of that year the vessel went ashore on Nantucket, and bills were incurred for her preservation and repair. Hall, then in good financial credit, without the knowledge or authority of his associates, procured from the plaintiff, at the plaintiff's suggestion, $700.00 with which to pay the bills on the vessel, giving his own note therefor, reading as follows:

"BUCKSPORT May 28, 1885.

$700. Borrowed and received of A. S. Arey seven hundred dollars to pay bills on the schooner J. G. Stover, it being for wreckers and repairs bills, payable on demand and interest.

S. P. HALL,

Agent for schooner J. G. Stover and owners."

Hall placed the money in bank to his private credit with one or two hundred dollars of other money, and paid the bills by drawing checks on the bank account for their respective amounts. He did not at the time place the borrowed funds to the credit of

the owners, nor render it to them in any account until after his insolvency and failure occurred two years afterwards. Hall owed the owners $300.00 for the vessel's earnings when he borrowed of plaintiff, and $1300.00 when he failed, exclusive of the borrowed money. The plaintiff made no demand for his money, not needing it for his own use, until this suit was instituted.

The plaintiff endeavors (in the name of the assignee) to maintain the action by proving that the money he loaned to Hall was actually expended to pay the bills against the vessel.

It is not pretended that Hall was authorized to borrow the money on the personal credit of the owners. Clearly, he was not. If he could borrow money for one purpose, he might use it for another purpose, and therefore the law does not invest a ship's husband with such authority. Of course, he might be expressly authorized by the owners to borrow. He may contract bills against the vessel, though he may not borrow money on the vessel's account to pay them. 3 Kent Com. 187. Story Agen. (9th ed.) § 35, and note. 1 Bell. Com. (5th ed.) 504.

The plaintiff, however, contends that he is entitled to recover upon another ground, which is that the owners have enjoyed the benefit of the money in the payment of their debts, and cannot retain that benefit without rendering to the plaintiff compensation therefor. It is contended that the defendants, by refusing restitution, have ratified the act of their agent. It is not difficult to see that such a sweeping proposition would almost entirely subvert the principles of agency before mentioned. It makes the principal liable in all cases for unauthorized borrowings by his agent, provided the agent expends the money in the management of the principal's business, regardless of the existence of any equities or necessities which should exonerate the principal from making restitution.

It is well settled, as a general rule, that a person who has received the benefit of the money or property of another, is not liable to such person therefor, in the absence of contract between the parties, if there be any ground upon which the money, or property or its benefit, may be rightfully retained by its possessor without accounting to the owner. Ratification of another's act does

not result in such case. It is the wrongful keeping of another's property, which creates liability to him.

There are several reasons why this rule is applicable to the facts of the present case.

In the first place, it is at least doubtful if, in a legal sense, it was plaintiff's money that went to the benefit of the defendants. It was legally loaned to Hall. Hall was and still is liable on the note. As one of the owners he surely does not wrongfully retain the money. He merely neglects to pay his note. There is a difference between money, which has no ear mark, and other property. *Dwinel* v. *Sawyer*, 53 Maine, 24. *Thatcher* v. *Pray*, 113 Mass. 291.

It was held, in *White* v. *Sanders*, 32 Maine, 188, that, if one wrongfully sell the plaintiff's goods, the receipt of money from him by the plaintiff on account of the goods, would not be a ratification of the sale, provided the plaintiff would have a right, without ratifying the sale, to keep the money. *Hastings* v. *Bangor House Proprietors*, 18 Maine, 436, is a marked illustration of the same principle.

One reason why the defendants are not wrongfully withholding the borrowed money, is that they are unable to restore it. It has gone into the vessel without the defendants knowing they were receiving the plaintiff's money. It was held in *Davis* v. *School District*, 24 Maine, 349, that a school district cannot be considered as promising to pay for unauthorized repairs on their school-house, by using it afterwards. They could restore what they had received only by an abandonment of their property, and that they were not obliged to do. *School District* v. *Ætna Ins. Co.*, 62 Maine, 330.

Further, the defendants' condition has become changed, without notice of the plaintiff's claim. Instead of being indebted to the ship's husband, he has become a debtor to them in a larger sum than the plaintiff's claim, and is insolvent. The plaintiff has slept on his claim. *Bryant* v. *Moore*, 26 Maine, 84.

The town cases, relied on by the plaintiff, properly understood, are not inconsistent with these views, and do not support the plaintiff's contention. In the first of them the doctrine was

rather too broadly stated, 72 Maine, 522, and in *Lincoln* v. *Stockton*, 75 Maine, 141, some qualification of the doctrine of previous cases was intended; and in *Otis* v. *Stockton*, 76 Maine, 506, the doctrine is enunciated more satisfactorily.

Another difficulty which is in the way of a recovery in this action, is that no action at law for contributions for advances by one owner can be maintained against the other owners jointly. A joint remedy must be in equity. And the assignee can have no greater right in this respect than the assignor. An owner cannot enlarge his claim against co-owners by selling it.

<em>Plaintiff nonsuit.</em>

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.